108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raquel HARRIS; Marvin Harris, Defendants-Appellants.
 No. 95-15972.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1996.*
Decided Dec. 16, 1996.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Raquel and Marvin Harris appeal the denial of their 28 U.S.C. § 2255 motions challenging their jury convictions. As they did before the district court, the Harrises argue on appeal that their trial counsel provided ineffective assistance by failing to introduce various witnesses and evidence, and by failing to bring government misconduct to the attention of the district court. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 DISCUSSION
 
 4
 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-step test for determining whether an attorney's deficiencies deprived a defendant of his Sixth Amendment right to counsel. First, the defendant must show that the attorney's performance was deficient, i.e., the attorney did not render "reasonable professional assistance." Id. at 688-89. Because of the difficulties inherent in evaluating a lawyer's decisions, the defendant must overcome a strong presumption that the counsel's conduct was proper. Id. at 687. Second, the defendant must show that the attorney's performance was prejudicial to the defense. Id. at 691. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.
 
 
 5
 I. Was the Harrises' attorneys' performance deficient?
 
 
 6
 The Harrises claim that their attorneys made numerous errors. However, all of the decisions that the Harrises complain of were proper and well within the "wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689.
 
 
 7
 1) We cannot fault the attorneys' decision not to investigate and use Lance Davis as a motor home expert in the light of the fact that they had obtained a similar expert and had discovered that the expert's testimony could damage the Harrises' defense.
 
 
 8
 2) The Harrises contend that their attorneys should have called an expert to testify to the modus operandi of drug smugglers. We disagree because the expert's testimony would have been inadmissible because it concerned a non-complex drug smuggling conspiracy. See United States v. Lui, 941 F.2d 844, 847 (9th Cir.1991) (holding that modus operandi testimony is generally inadmissible, although such testimony might be admissible in cases involving complex smuggling conspiracies).
 
 
 9
 3) Edward Laber's failure to call Lilly Medina as a witness does not amount to deficient representation. Medina's testimony relating her sister's statements would have been excluded as hearsay. See Fed.R.Evid. 801(c). Furthermore, Medina's statement that she once saw something with "Vedura Mesa" written on it in the Harrises' house is such weak evidence that the Harrises were international vegetable brokers that a competent lawyer might decide not to introduce it.
 
 
 10
 4) The decision not to call Mr. Salazar as a witness was not deficient. There were so many differences between the Harrises' defense (they were "dumb mules" unknowingly driving a drug-filled motor home across the border for Calles) and Salazar's situation (he did not know that a motor home had been registered in his name by Calles) that Salazar's testimony would have been inadmissible. See Flood v. United States, 36 F.2d 444, 445 (9th Cir.1930) (Evidence cannot be admitted to show a system or plan "if the evidence shows an entirely different system or method.").
 
 
 11
 5) At trial, the government introduced evidence that the Harrises had not filed any tax returns from 1986 through 1990. The Harrises contend that their attorneys should have responded by showing that they filed for extensions on their 1990 state and federal taxes and made estimated payments of $4500. At the § 2255 hearing, the Harrises' former attorneys were unable to explain why they did not introduce evidence of the 1990 extension and payment. However, the fact that the Harrises' attorneys cannot explain why they made a particular decision does not automatically mean that their attorneys' performance was deficient. See Strickland, 466 U.S. at 688 (test is an "objective standard of reasonableness" (emphasis added)). Here, a competent attorney could have decided not to present evidence of the extension and payment because such evidence would have served to direct more attention to the Harrises' tax situation.
 
 
 12
 6) The Harrises accuse the government of misconduct and claim that their counsel was deficient because they did not bring this alleged misconduct to the district court's attention. However, the district court made a factual finding that there is no merit to the misconduct accusations, CR 377 at 2, and the Harrises do not explain why this finding is clearly erroneous.
 
 
 13
 7) All of the Harrises other allegations of deficient performance of counsel are without merit.
 
 II. Prejudice
 
 14
 Even if we were to assume that the Harrises' counsels' actions were somehow deficient, the Harrises have failed to show that, in the light of all of the uncontested evidence of their guilt, their counsels' alleged errors caused prejudice. Our review of the record satisfies us that the evidence of the Harrises' guilt was overwhelming. Therefore, the Harrises fail to meet step two of the Strickland test.
 
 CONCLUSION
 
 15
 The Harrises have not demonstrated that their counsels' conduct fell outside the broad range of effective representation. Moreover, even if some of the attorneys' actions were improper, the Harrises have failed to show that the alleged errors caused prejudice. Therefore, we affirm the district court's denial of the Harrises' § 2255 motion.
 
 
 
 *
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 ***
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4